UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SAUL EISEN
on behalf of himself and
all other similarly situated consumers

        Plaintiff,

  -against-


EGS FINANCIAL CARE, INC.

        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Saul Eisen seeks redress for the illegal practices of EGS Financial Care, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Horsham, Pennsylvania.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular Saul Eisen*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 26, 2018, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The April 26, 2018 letter stated as follows:

    "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

12. The said letter overshadowed the Plaintiff's right to dispute the debt, violating Sections 1692e, 1692e(10), and 1692g(a)(4) of the FDCPA.

13. Section 1692g(a) of the FDCPA states as follows:

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, ***or any portion thereof***, the

> debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3).
>
> A statement that if the consumer notifies the debt collector in writing … ***that the debt, or any portion thereof, is disputed***, the debt collector will obtain verification of the debt … and a copy of such verification … will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4). (emphasis added.)[1]

14. Defendant did not sent the Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant in writing within the thirty-day period <u>that the debt, or any portion thereof, is disputed</u>, Defendant would then obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

15. Said letter failed to clearly differentiate between disputing a debt, or any portion thereof, and obtaining verification of a debt.

16. An unsophisticated consumer could be led to believe that his or her notification to the debt collector is merely in order to obtain verification of the debt, but <u>not</u> to dispute it.

17. The said acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[2]

18. Defendant's April 26, 2018 letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

---

[1] In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. Swanson, 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." Id.

[2] <u>Foresberg v. Fidelity Nat'l Credit Servs., Ltd.</u>, 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004) (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.); <u>Bailey v. TRW Receivables Mgmt. Servs., Inc.</u>, 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990) (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.); <u>McCabe v. Crawford & Co.</u>, 210 F.R.D. 631 (N.D. Ill. 2002) (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.); <u>Beasley v. Sessoms & Rogers, P.A.</u>, 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010) (The court found that the validation notice violated § 1692g(a)(4) by omitting the ''in writing'' requirement that she could dispute any portion of the debt.)

19. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

20. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

21. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

22. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

23. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

24. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

25. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

26. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

27. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established

by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

28. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty seven (27) as if set forth fully in this cause of action.

29. This cause of action is brought on behalf of Plaintiff and the members of a class.

30. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 26, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Synchrony Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g(a)(4) for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

31. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

      principal question presented by this claim is whether Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

32. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

35. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

36. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action;

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 19, 2019

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

PO BOX 1259
DEPT 806
HORSHAM, PA 19044

EGS FINANCIAL CARE, INC.

4740 Baxter Road
Virginia Beach, VA 23462

877-278-5297
OFFICE HOURS(ET):
8:00AM-12:00AM  Monday thru Saturday
8:00AM-9:00PM  Sunday

Apr 26, 2018

120822 - 395

SAUL EISEN

26
CREDITOR:
Synchrony Bank
ACCOUNT #: XXXXXXXXXXX6435
REGARDING:
BP® Visa®
AMOUNT NOW DUE: $1142.00
TOTAL ACCOUNT BALANCE: $8195.43

The named creditor has placed the above account with our office for collection. Please enclose your check or money order. If you need to speak to a representative, you may call us at 877-278-5297.

You may also make payment by visiting www.mybpcreditcard.com.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice. Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

   (i) the use or threat of violence;
   (ii) the use of obscene or profane language; and
   (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

   1. Supplemental security income, (SSI);
   2. Social security;
   3. Public assistance (welfare);
   4. Spousal support, maintenance (alimony) or child support;
   5. Unemployment benefits;
   6. Disability benefits;
   7. Workers' compensation benefits;
   8. Public or private pensions;
   9. Veterans' benefits;
   10. Federal student loans, federal student grants, and federal work study funds; and
   11. Ninety percent of your wages or salary earned in the last sixty days.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License# 1193681 and #1008018. Contact Alex Drew at 1-877-278-5297.

Notice: See Reverse Side For Important Information.
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | TOTAL ACCOUNT BALANC |
|---|---|
| XXXXXXXXXXX6435 | $ 8195.43 |
| SAUL EISEN | AMOUNT NOW DUE: $1142.00 |

Payment Amount

$ ☐☐☐☐.☐☐

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

Synchrony Bank/BP
PO Box 530942
Atlanta, GA 30349-0942

EGSP PN 395